IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SENTRY SELECT INSURANCE COMPANY,

          Plaintiff,

    v.

MCCOY CORPORATION, MCCOY TRAILERS LTD,
and PEERLESS LTD,

          Defendants.

ORDER

12-cv-831-wmc

---

This case arises out of a single vehicle accident in Longworth, Texas, where a truck driver failed to negotiate a corner successfully, allegedly due to a defect in a trailer manufactured by defendants McCoy Corporation, McCoy Trailers, LTD. and Peerless, Ltd. Having reimbursed its insured, B&K Trucking, LLC, for the losses arising out of the accident, plaintiff Sentry Select Insurance Company ("Sentry") commenced this tort and breach of warranty action as subrogee of B&K Trucking's claim. Pending before the court is defendants' motion to dismiss the case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the United States District Court for the Northern District of Texas under 28 U.S.C. § 1404(a) (dkt. #4), which will be denied in its entirety. Defendants' motion to dismiss for lack of personal jurisdiction will be denied because plaintiff has made a *prima facie* showing that defendant is subject to Wisconsin's long-arm statute and has sufficient contacts with this state to satisfy due process requirements. Venue is proper both because a substantial part of the events or

1

omissions giving rise to the claims occurred in Wisconsin and because defendants are deemed to reside in the Western District of Wisconsin for purposes of 28 U.S.C. § 1391. Finally, the motion to transfer will be denied because defendants have failed to show that transfer to Texas will advance the interests of convenience and justice, particularly in light of the fact that all of the accident's eye witnesses live in Wisconsin, the trailer itself is in Wisconsin, and any documents or affidavits from witnesses who saw the aftermath of the accident can be easily transmitted to this court.

BACKGROUND

Defendant Peerless Ltd. is based in British Columbia, Canada, and manufactures specialized transportation trailers. Peerless is wholly owned by defendant McCoy Corporation, which is based in Alberta, Canada. For purposes of this motion, the defendants would treat these two separate corporations as one entity -- "Peerless." Such a collective approach would normally be inappropriate, unless the court were to find facts supporting piercing the defendants' "corporate veil," but since defendants themselves have advanced this approach, the court will deem waived any personal jurisdiction objections defendants might have raised individually and adopt the same nomenclature.[1]

"Peerless" manufactures specialized trailers for transportation companies like B&K Trucking to use to haul flatbed and oversized products. At some point in 2009 or 2010,

---

[1] Defendants separately assert that there is no such corporation as McCoy Trailers, Ltd., but that is a separate legal question outside the scope of defendants' pending motion.

a Peerless representative solicited B&K Trucking in Wisconsin to test one of its prototype trailer's Peerless had developed. At Peerless's request, B&K Trucking used the prototype trailer during several jobs, providing feedback concerning the trailer's performance along the way. As a result of B&K Trucking's feedback, Peerless representatives traveled to B&K Trucking's facility in Wisconsin on numerous occasions to repair, retrofit and modify the prototype trailer. B&K Trucking ultimately purchased the prototype trailer from Peerless, as well as two other trailers, for a total of $1,009,220.00. After the last of these sales was completed, Peerless continued to make sales calls and marketing visits to Wisconsin in an attempt to sell additional trailers to B&K Trucking.

On April 4, 2012, the prototype trailer allegedly failed while a B&K Trucking driver negotiated a corner in Longworth, Texas. The accident's only eye witnesses are B&K Trucking employees, all of whom reside in Wisconsin.[2] Witnesses to the post-accident events reside in Texas. The subject trailer is currently being housed at one of B&K Trucking's facilities in Wisconsin.

---

[2] The Court notes that one of the witnesses is no longer a B&K Trucking employee who nevertheless still lives in Wisconsin.

OPINION

I. **Personal Jurisdiction**

Defendants claim that this court lacks personal jurisdiction over them because they do not do substantial business in Wisconsin and because the accident occurred in Texas. A federal court sitting in diversity must rely on the law of personal jurisdiction of the state in which it sits. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). Determining whether personal jurisdiction is present under Wisconsin law is a two-step inquiry. *Stayart v. Hance*, 2007 WI App 204, ¶12, 305 Wis. 2d 380, 740 N.W.2d 168. First, the court must determine whether the nonresident defendant is subject to jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Id.* If that statute applies, the court decides whether jurisdiction would be consistent with due process standards. *Id.* Plaintiffs bear the burden of proving the existence of personal jurisdiction once it is challenged by making out a *prima facie* factual case and, if facts are disputed, by prevailing at an evidentiary hearing. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Wisconsin's long-arm statute extends personal jurisdiction to nonresidents who are "engaged in substantial and not isolated activities within this state." Wis. Stat. § 801.05. Similarly, due process is satisfied if the defendant has established minimum contacts in Wisconsin such that "the defendant should reasonably anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the

4

privilege of conducting activities there." *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008). Naturally, there is much overlap in the evidence needed to meet both the statutory and due process standards, as is true here.

To illustrate defendants' activity within Wisconsin, plaintiff points to their continuous marketing efforts aimed directly at B&K Trucking in Wisconsin.[3] Defendants initially solicited B&K Trucking's business in Wisconsin and requested B&K Trucking to test their prototype trailer, eventually making frequent trips to Wisconsin to ensure that the trailer met B&K Trucking's requirements. This ultimately led to a $1,009,220.00 sale. Thereafter, defendants continued to make sales calls and marketing visits to Wisconsin in an attempt to sell B&K Trucking even more trailers. Finally, defendants delivered the trailers to Wisconsin and warranted the trailers to be free from defects in Wisconsin. These undisputed facts by themselves make out a *prima facie* case of personal jurisdiction.

Defendants argue that there is no "substantial connection" to Wisconsin because the sale to B&K Trucking accounted for less than 2% of its sales for the years 2010 and 2011. (Reply Br., dkt. #19 at 4.) This is not compelling. Nowhere in the Wisconsin

---

[3] Although barely worth mentioning, the court does not find compelling defendants' argument that Wis. Stat. § 801.05(5)(e) cannot apply because B&K Trucking received the goods and not plaintiff Sentry. "One who rests on subrogation stands in the place of one whose claim he has paid, as if the payment giving rise to the subrogation had not been made." *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 242 (1947). As B&K Trucking's subrogee, Sentry may bring any right or claim that B&K Trucking could have brought against Peerless. If B&K Trucking has a claim against Peerless, then so does Sentry.

law or due process does personal jurisdiction hinge upon an analysis of the percentage of defendant's own sales in the forum state. Courts must consider the *entirety* of defendant's relationship to that state. Indeed, many companies that actively market their products throughout the United States, yet make only a small fraction of their sales in any given state, would be subject to personal jurisdiction in most states, unless the sales in a state are truly *de minimus*. *See, e.g., Richler v. INSTAR Enters. Int'l,* 594 F. Supp. 2d 1000, 1007 (N.D. Ill. 2009) (holding sales *de minimus* where they represented one tenth of one percent of overall sales). Absent such tenuous contacts, they would not be exempt from personal jurisdiction in any state. *See, e.g., Keeton v. Hustler Magazine*, 465 U.S. 770, 781 (1984) ("Respondent produces a national publication aimed at a nationwide audience. There is no unfairness in calling it to answer for the contents of that publication wherever a substantial number of copies are regularly sold and distributed."); *Nelson by Carson v. Park Indus., Inc.,* 717 F.2d 1120, 1125-26 (7th Cir. 1983) (noting that manufacturers and distributors who "purposely conduct their activities to make their product available for purchase in as many forums as possible … may be subject to a particular forum's jurisdiction … because [they] have intended to serve a broad market and they derive direct benefits from serving that market.").

    Two percent of gross sales is certainly not *de minimus* on the facts here given all the related sales efforts by Peerless in Wisconsin to accomplish those sales. Even if it were, the lawsuit here arises directly from those sales. *See Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985) ("So long as it creates a 'substantial connection' with the

forum, even a single act can support jurisdiction.") (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

**II. Venue**

The general federal venue statute allows a civil action to be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). The Western District of Wisconsin is the proper venue under either of these two subsections.

As corporations, defendants are deemed residents of "any judicial district in which [they are] subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In light of the court's ruling above, both defendants are, therefore, residents of the Western District of Wisconsin for venue purposes, which means that venue is proper here under § 1391(b)(1).

Defendants' brief in support of its motion dismiss focuses solely on § 1391(b)(2), arguing that the case should be dismissed because all of the important events occurred in Texas. (Def' Br. in Support, dkt. #5 at 1-2.) This argument ignores that this court is obligated to "look to the entire sequence of events underlying the claim, rather than a single action which may have triggered the claim." *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006). In this case, there are several important events that

occurred in Wisconsin: defendants solicited B&K Trucking's business, sold the trailer, and developed and retrofitted the trailer in Wisconsin.

The fact that the accident occurred in Texas is not lost on this court. Texas would also be a proper venue, but venue may be proper in multiple locations. *Estate of Moore*, 460 F. Supp. 2d 931, 935 (E.D. Wis. 2006). Considering the specialized business of transporting oversized flatbeds and products, defendants were obviously well aware that B&K Trucking would use its trailers to transport products across state lines. Indeed, Peerless was monitoring the performance of its prototype trailer during such long hauls. Therefore, it should be no surprise that an accident with one of its trailers occurred outside the state where the trailer was purchased.

**III.    Transfer**

In the alternative to dismissal, defendants have moved to transfer this case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). A federal court may "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). In adopting this broad standard, Congress intended to "place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988). Exercising that discretion, the court finds that none of the factors listed in § 1404(a) favor defendants.

To prevail, defendants carry the burden of proving that "the transferee forum is *clearly* more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 219, 219-20 (7th Cir. 1986) (emphasis added). A "convenience" analysis typically considers the accessibility of the forum to the parties, the witnesses, and the evidence, as well as the fact that transfer would disturb a plaintiff's choice of forum. *Id.*

Because plaintiff (as B&K Trucking's subrogee) has chosen its home forum in which to litigate, its choice is particularly deserving of deference. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Indeed, when a plaintiff chooses its home forum, that choice is entitled to even greater deference than when the plaintiff is foreign. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1081); *compare Gen. Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7 Cir. 1958) (declining to set aside plaintiff's home forum even where defendant said controversy and choice of witnesses resided in Texas), *with Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997) ("[A] foreign plaintiff's choice of forum deserves less deference.").

As for the convenience of the parties, keeping the case here is obviously convenient for plaintiff, which is based in the Western District of Wisconsin. Defendants have no offices in Wisconsin, but Peerless must be familiar with Wisconsin's roads and airports as a result of frequent repair trips between their home bases in Canada and B&K Trucking's facility in Wisconsin. Defendants fail to give *any* reasoning to find

9

that litigating this dispute nearer the scene of the accident in a relatively obscure community in the middle of Texas, a location obviously much farther from their headquarters, would be any easier than Madison, Wisconsin for either party.[4] Indeed, none of the parties seems to have any substantial connection to Texas. Even if Texas were more convenient than Wisconsin for defendants, a motion to transfer should be denied if the effect "would be merely to shift the inconvenience from one party to the other." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 3848 at 164 (3d ed. 2004) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

As to convenience of witnesses, plaintiff maintains that the only eye witnesses to the accident, current and former employees of B&K Trucking, reside in Wisconsin; the trailer remains in B&K Trucking's facility; and all of the pertinent documents and personnel concerning the trailer at issue are in Wisconsin. Defendants, on the other hand, point out that certain law enforcement personnel and others who witnessed the aftermath of the accident reside in Texas. Defendants fail, however, to describe why these individuals are *more* important than the witnesses who actually saw the accident occur. Moreover, defendants disclose neither why these non-parties could not testify by

---

[4] Although neither party advises the court, it appears Longworth, Texas, is a town of less than 100 people located some 226 miles west of the Dallas / Fort Worth International Airport, over a three hour drive. *See* Texas State Historical Association, "Longworth Texas," *available at* http://www.tshaonline.org/handbook/online/articles/hn145; https://maps.google.com/maps?hl=en&authuser=0&q=Longworth+tx&ie=UTF-8&ei=yaJJUrWGMMuO2QX1qIGoBQ&ved=0CAoQ_AUoAg (last visited September 30, 2013).

video deposition or live video feed, nor why law enforcement records and documents cannot be mailed or electronically transferred here. At most, defendants have shown that both districts are inconvenient for some of the witnesses and a tie goes to plaintiff.

Finally, defendants do not address in any detail why the interest of justice requires this court to transfer the case to Texas, and needless to say, the interests of convenience do not favor transfer. Therefore, defendants' motion will be denied.

ORDER

IT IS ORDERED that defendants McCoy Corporation, McCoy Trailers, Ltd. and Peerless, Ltd.'s motion to dismiss or transfer (dkt. #4) is DENIED.

Entered this 30th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge